UNITED STATES DISTRICT COURT
FOR THE District of Massachusetts

| | |
|---|---|
| Ludwig Javakhishvili, <br><br> Petitioner, <br><br> v. <br><br> William Barr, ATTORNEY GENERAL; <br> Kevin McAleenan, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; <br> Todd Lyons, U.S. ICE FIELD OFFICE DIRECTOR FOR THE Boston FIELD OFFICE; and WARDEN OF IMMIGRATION DETENTION FACILITY, <br><br> Respondents. | Civil Action No. _____ <br><br> FILED IN CLERKS OFFICE <br> 2019 AUG 12 PM 1:49 <br> U.S. DISTRICT COURT <br> DISTRICT OF MASS. |

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Petitioner, Ludwig Javakhishvili, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

### CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the

1

_Plymouth County Correctional Facility_ in _Plymouth, Massachusetts_.

Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the

2

_District of Massachusetts_, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of _Georgia_. Petitioner was ~~first taken into ICE custody on~~ _10/26/18_, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on _09/10/03_. _Petitioner was removed back on 10/14/03, and has since returned to the United States on 10/12/12, without inspection or permission._

7. Respondent _William Barr_ is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, _William Barr_ has ultimate custodial authority over Petitioner.

8. Respondent _Kevin McAleenan_ is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, _Kevin McAleenan_ is the legal custodian of Petitioner.

9. Respondent _Todd Lyons_ is the Field Office Director of the _Boston_ Field Office of ICE and is Petitioner's immediate custodian. See Vásquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, 122 S. Ct. 43 (2001).

3

FILED IN CLERKS OFFICE
2019 AUG 12 PM 1:49
U.S. DISTRICT COURT
DISTRICT OF MASS.

## FACTUAL ALLEGATIONS

(CONT.) 12. ...s not been removed or released from custody by April 23, 2019, jurisdiction of the custody decision in your case will be transferred to the Headquarter Removal and International Operations Unit (HQ RIO), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQ RIO will make a final determination regarding your custody."

Also, Responsibility of acquiring travel documents from the government of Georgia would have been transferred from the Boston Field Office to ICE Headquarters Post-Detention Unit ("HQ PDU") in Washington, DC as well.

(CONT.) 13. Therefore, ICE informed petitioner that petitioner would not be released because petitioner's deportation was "reasonably foreseeable" at this time. This was close to three (3) months ago. Petitioner argues that, obviously, petitioner's deportation was not "reasonably foreseeable" due to the fact that ICE has not been successful in acquiring travel documents from the government of Georgia for petitioner to this point and time, three (3) months past the six (6) month period the Supreme Court held to be presumptively reasonable in Zadvydas v. Davis, 533 U.S. 678 (2001), and then held that ruling in Clark v. Martinez, 543 U.S. 371 (2005), nor is ICE expected to acquire said travel documents in the "reasonably foreseeable" future now. ICE did not specify how many individuals from Georgia it had in fact repatriated, indicate whether it had contacted the government of Georgia with respect to petitioner's case, or mention whether it had received any information from Georgia regarding the status of petitioner's travel documents, nor did it give any indication of when it expected petitioner's travel documents would issue. Indeed, it gave no information concerning the existence or status of efforts to deport petitioner

(CONT.) 15. Comments line on the "HQ POCR checklist for 241.13 Reviews" form included with

10. Respondent Warden of _Joseph D. McDonald, Jr. (sheriff)_ where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. ~~Petitioner,~~ _Ludwig Javakhishvili_ is a native and citizen of _Georgia_. Petitioner has been in ICE custody since _10/26/18_. An Immigration Judge ordered the Petitioner removed on _September 10th, 2003, petitioner was deported on 10/14/03, and has since returned to the U.S. on 10/12/12._

12. _ICE first reviewed petitioner's detention status on or about 1/16/19 pursuant to Post-Order Custody review procedures at 8 C.F.R. § 241.4. In a letter dated 1/16/19, ICE denied petitioner's request for release, stating that he was "a flight risk ~~due to the fact that~~ petitioner failed to demonstrate significant equities within the United States". This letter also informed petitioner_ . CONTINUED ON SEPARATE SHEET

13. _On or about 6 months after petitioner's order of removal was final, ICE conducted another 90 day review. In a letter dated 05/02/19, ICE informed petitioner that petitioner would not be released because "ICE was currently working with the government of Georgia to secure a travel document for your removal from the United States. A travel document from the Government of Georgia is expected."_ CONTINUED ON SEPARATE SHEET

14. _As of this date, petitioner was and remains in ICE custody awaiting his deportation. petitioner has remained in ICE custody for over eight (8) months, which will be nine (9) months in August, 2019._

4

## FACTUAL ALLEGATIONS

(CONT.) 15. the custody determination letter dated 05/02/19 - which would be close to three (3) months ago - that "Imminent Removal. The Government of Georgia will reissue a TD (travel document)." Also scribbled at the bottom of said checklist was "significant likelyhood of removal; Repatriation of International Office" while that all may be true, it does not state whether that would be in the "reasonably foreseeable" future, it was already Post 180 days, and it has been close to three (3) months since that was written. Neither ICE nor the government or consulate of Georgia have provided petitioner with any indication that Georgia would accept petitioner in the "reasonably foreseeable" future.

(CONT.) 18. 07/24/19, petitioner received a letter from the Boston Field Office informing him that the request was denied and that he would not be released from custody, although this was already more than two (2) months past the presumptively reasonable six month period ICE has by law to effecuate petitioner's repatriation. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand a decision, ensure that a fair and just decision will ever be made, or appeal a custody decision that violates Zadvydas. Again, in the denial letter dated 07/24/19 ICE claims that a "travel document from the government of Georgia is expected" although they give the petitioner no indication of when or any specifics in respect to that claim. For all the reasons stated within, it is the position of the petitioner that his removal is not reasonably foreseeable and that the petitioner should be granted release from custody pending deportation.

15. To date, however, ICE has been unable to remove Petitioner to _Georgia_ or any other country. In the over two (2) months that have passed since petitioners last custody review, (on 05/02/19, which according to the "HQ POCR checklist for 241.13 Review", which was included with said custody review, stated that petitioners case was Post 180 days and that jurisdiction was with HQ RIO) ICE has not notified petitioner of any progress in petitioner's repatriation. To petitioner's knowledge, the government of Georgia has not issued travel documents for him. Indeed, Although ICE wrote on the HQ RIO Officer Analysis & CONTINUED ON SEPARATE SHEET

16. Petitioner has cooperated fully with all efforts by ICE to remove him from the United States. ICE has never asserted that petitioner has failed to cooperate in his deportation. To the contrary, petitioner has, on his own initiative, tried to expedite his repatriation to Georgia and his release from custody. Petitioner, through his counsel, has given ICE copies of his passport (included with petition), signed all documents requested by ICE, and cooperated in any way asked of him.

17. Petitioner's custody status was first reviewed on __01/16/19__. On __01/16/19__, Petitioner was served with a written decision ordering his/her continued detention.

18. On __05/02/19__, Petitioner was served with a notice transferring authority over his/her custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU"). Neither the Boston Field Office or "HQ PDU" have been successful in acquiring travel documents from the government of petitioner's native country of Georgia. On June 14th, 2019, petitioner, through counsel of Nona Tilley, ESQ., of the Law Office of Nona Tilley, served a copy of a Request for Parole and Affadavits in Support of Respondent's Good Moral Character and attached documents to HQ RIO in Washington, D.C. On CONTINUED ON SEPARATE SHEET

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

19. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. at 702. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

20. Petitioner was ordered removed on __09/10/03__, and the removal order became final on __09/10/03__. Therefore, the six-month presumptively reasonable removal period for Petitioner ended on __05/02/19__.

## CLAIMS FOR RELIEF

## COUNT ONE

## STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to ___Georgia___ or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas and Martinez that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

23. Petitioner re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

25. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling

7

government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six months. Petitioner has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

## Certificate of Service

I, Ludwig Javakhishvili, certify that a true copy of the above document (Petition for Writ of Habeus Corpus) together with attached documents, was served on _____, on the following:

    U.S. Attorney's office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, Ma. 02210

by placing a copy of the above in the mail system at the facility where I am detained (Plymouth County Correctional Facility; Plymouth, Ma.).

08.05.19

_____, Pro Se

I affirm, under penalty of perjury, that the foregoing is true and correct.

_____, Pro Se          08.05.19
Petitioner                       Date executed

Plymouth County Correctional Facility
26 Long Pond Road
Unit C3, cell C404
Plymouth, Ma. 01803